## JOSEPH ROBINSON *vs.* CUTLER HITCHCOCK.

Under the rules of practice adopted by the court of common pleas, when the defendant, in his specification of defence, relies on a discharge under the insolvent law, and the plaintiff admits the discharge, but denies its validity, on the ground of fraud committed by the defendant, the plaintiff has the right to open and close.

COVENANT BROKEN. The defendant pleaded the general issue, and gave notice that he should rely, in defence, on a discharge under the insolvent law of 1838, *c.* 163. At the trial, in the court of common pleas, the defendant admitted the plaintiff's claim, as set forth in his declaration, and claimed the right to the closing argument to the jury. The plaintiff thereupon admitted that the defendant had obtained a discharge under the insolvent law, but denied its validity, by reason of certain frauds alleged to have been committed by the defendant. The court ruled that the plaintiff had the right to the opening and close. The verdict was for the plaintiff, and the defendant alleged exceptions to said ruling.

*Kinnicutt,* for the defendant. As the defendant admitted the plaintiff's claim, and relied on matter of avoidance, he ought to

have had the opening and close. On a sole plea in avoidance, this would clearly have been his right. *Davis* v. *Mason*, 4 Pick. 156. And as *St.* 1836, *c.* 273, has abolished special pleas in bar, the rule in *Ayer* v. *Austin*, 6 Pick. 225, that where the defendant pleads the general issue and files a brief statement of his defence, when he might have filed a sole plea in bar, is not applicable. If a defendant can ever have the right to open and close, it should have been granted to him in this case. The burden of proof was on him, and was not shifted by the quali fied admission of the plaintiff. To shift the burden, the plaintiff must fully admit all that the defendant alleges in defence. 4 Pick. *ubi sup.* He who has the burden of proof is entitled to the closing argument. 6 Pick. *ubi sup.* *Brooks* v. *Barrett,* 7 Pick. 94.

*Wood,* for the plaintiff, referred to the rules of the court of common pleas, which are cited in the opinion of the court.

DEWEY, J. The right of a party to open and close the argu ment of the cause, on trial before a jury, has been deemed of sufficient importance to authorize the filing of a bill of exceptions, where the presiding judge has been supposed to err in his ruling on the point. *Davis* v. *Mason*, 4 Pick. 156.·

The trial in the present case took place in the court of common pleas, and of course under the rules of practice prescribed by that court. The 55th rule of that court on the subject provides, " that the party holding the affirmative shall open and close." The first inquiry is, whether this rule was violated. Suppose the specification of defence to have been presented in the form of special pleading, how would the issue be presented to the jury ? The defendant, admitting the covenant declared on, sets forth a discharge under the insolvent law, taking upon himself the affirmative, if the plaintiff had taken issue upon this averment of a discharge   But the plaintiff does not do this. On the contrary, he admits the discharge, but avoids it by alleging that the defendant committed certain frauds which invalidate it ; and upon this allegation the issue is joined. The whole inquiry is reduced to this ; has the defendant committed the alleged fraudulent acts? The plaintiff avers that these fraud

6 *

ulent acts were committed, and the defendant denies them Upon whom then is the affirmative? Clearly upon the plaintiff; and he is therefore entitled to open and close.

If this be so under the general rule of the court of common pleas, before referred to, it is then to be considered whether the new rule of that court, adopted in September 1841, would entitle the defendant to open and close. That rule is in these words: " Whenever the defendant in any action shall file a statement in writing, pursuant to the 41st rule of this court, of any specific and substantive matter of discharge, or avoidance of the action, he may, at any time before trial, file also in writing an admission of all the facts necessary to be proved by the plaintiff in his opening on the general issue, and such defendant shall then be entitled to open and close, unless the plaintiff shall file in writing an admission of all the material facts alleged in the defendant's statement, and shall, by way of reply, state some specific matter in discharge or avoidance thereof." It seems to us that the proper application of this rule would not at all differ the result from that already stated. The plaintiff, by the form of his specification denying the validity of the discharge set up by the defendant, by reason of certain fraudulent acts of the defendant, does admit the existence of the discharge alleged in the defendant's specification; and this is admitting all the material facts alleged in the statement or specification of the defendant, but replying to it by alleging a specific matter in avoidance thereof, and thus again taking the burden wholly on himself. The result would be, therefore, that under this rule the plaintiff had the right to open and close.

We have considered that this case was to be governed by the rules of the court of common pleas, and have therefore given full effect to the new rule above stated. It may be proper to remark, that no such rule has been adopted or is practised upon in the supreme judicial court. It was long since held here, that in all cases where the general issue was pleaded and joined by the parties, the plaintiff had the right to open and close. This rule has been strictly applied. *Ayer* v. *Austin,* 6 Pick. 225 By *St.* 1836, *c.* 273, " no other plea in bar " can be filed, but

the general issue. Of course, in all cases, the plaintiff must have the right to open and close. This court has in practice conformed to this mode of conducting jury trials.

*Exceptions overruled.*